IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MYLES, SR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 08 C 313 |
| ) | |
| THE CITY OF HARVEY and Eric Kellogg, ) | The Honorable Judge Nordberg |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, the City of Harvey and Eric Kellogg, by their attorneys, Julie A. Bruch, Saira J. Alikhan and O'Halloran, Kosoff, Geitner & Cook, LLC, for their answer and affirmative defenses to the Complaint filed by Plaintiff, Matthew Myles, Sr., state as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 42 U.S.C. §1343.

**ANSWER:** **Defendants admit that this action is brought under Section 1983 but denies violating same. Defendants admit jurisdiction.**

2. Plaintiff, Matthew Myles, Sr. was employed as an inspector by defendant City of Harvey (an Illinois municipal corporation) from April of 2001 to December 27, 2007.

**ANSWER:** **The allegations of paragraph 2 are admitted.**

3. Defendants are the City of Harvey and Eric Kellogg, the present Mayor of the City of Harvey; Kellogg is sued in his individual capacity.

**ANSWER:** **Defendants admit that Eric Kellogg is the present Mayor of the City of Harvey and is sued in his individual capacity. Defendants deny that they violated any of plaintiff's rights as alleged.**

4.      In December of 2007, it was well established that the First Amendment to the Constitution of the United States prohibits a municipality from dismissing, on political grounds, an employee who did not have policymaking duties.

**ANSWER:     Defendants deny that the allegations of paragraph 4 accurately set forth the law and defendants' duties and deny violating plaintiff's First Amendment rights.**

5.      Plaintiff, as an inspector for the City of Harvey, did not have policymaking duties.

**ANSWER:     The allegations of paragraph 5 state legal conclusions which are denied.**

6.      Plaintiff was discharged by defendant City of Harvey because he is not a political supporter of defendant Kellogg.

**ANSWER:     The allegations of paragraph 6 are denied.**

7.      Defendant Kellogg was personally involved in the decision to discharge plaintiff.

**ANSWER:     The allegations of paragraph 7 are denied.**

8.      Plaintiffs demand trial by jury.

**ANSWER:     There are no allegations in paragraph 8, thus no response is made thereto.**

WHEREFORE, Defendants, City of Harvey and Eric Kellogg deny that they are liable to plaintiff and pray that this Court enter judgment in their favor and against plaintiff together with the costs of this suit and any other or further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendants, in addition to the denials and defense as set forth herein, assert the additional affirmative defenses to plaintiff's claim as follows:

### First Affirmative Defense

Defendants' alleged conduct does not rise to the level of a constitutional violation.

### Second Affirmative Defense

All actions taken by defendants with respect to plaintiff were taken for legitimate, non-discriminatory reasons.

### Third Affirmative Defense

Defendant Eric Kellogg is entitled to qualified immunity.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, unclean hands, estoppel, waiver, avoidable consequences and/or after-acquired evidence.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on grounds that some or all of the damages claimed by plaintiff were brought about by reason of plaintiff's own acts, actions or negligence.

### Eighth Affirmative Defense

Plaintiff's complaint is barred, in whole or in part, due to plaintiff's failure to mitigate any alleged damages. In the alternative, to the extent plaintiff has mitigated any alleged damages, defendants are entitled to a set-off for any interim earnings, benefits or other income.

WHEREFORE, defendants City of Harvey and Eric Kellogg pray that this court enter judgment against the plaintiffs and in favor of defendants and assess costs against plaintiff and in favor of defendants.

CITY OF HARVEY and ERIC KELLOGG

By:　s/Julie A. Bruch_____
　　　Julie A. Bruch, #6215813
　　　O'Halloran, Kosoff, Geitner & Cook, LLC
　　　650 Dundee Road, Suite 475
　　　Northbrook, Illinois  60062
　　　Phone: (847) 291-0200
　　　Fax:　 (847) 291-9230
　　　E-mail: jbruch@okgc.com
　　　*Attorney for Defendants*

4

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MYLES, SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 08 C 313 |
| ) | |
| THE CITY OF HARVEY, and ERIC KELLOGG, ) | The Honorable Judge Nordberg |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, I electronically filed Defendants' Answer and Affirmative Defenses to Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Kenneth N. Flaxman
    knf@kenlaw.com

    CITY OF HARVEY and ERIC KELLOGG

    By:    Julie A. Bruch
           Julie A. Bruch, #6215813
           O'Halloran Kosoff Geitner & Cook, LLC
           650 Dundee Road, Suite 475
           Northbrook, Illinois 60062
           Telephone: (847) 291-0200
           Facsimile: (847) 291-9230
           E-mail: jbruch@okgc.com